IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RYAN BURNS, Individually and on behalf
of all others similarly situated                                                                PLAINTIFF

v.                                         Case No. 2:14-cv-02208

TOYOTA MOTOR SALES, U.S.A., INC.                                                  DEFENDANT

## OPINION AND ORDER

Before the Court is the parties' joint motion for an extension of time to file a motion for class certification or, alternatively, stay the proceedings (Doc. 78). This case involves a putative class action for damages attributable to rust corrosion on certain Toyota vehicles. The counsel of record in this case are also counsel of record in similar litigation in the Central District of California (the "*Warner* action"), which is being presided over by United States District Judge Fernando Olguin.[1] This Court held a status conference on April 20, 2016, during which counsel for the parties explained that a settlement was being negotiated and that the settlement would resolve both this action and the *Warner* action. Since that time, Judge Olguin has appointed Patrick A. Juneau as special master pursuant to Federal Rule of Civil Procedure 53 and the parties are currently engaged in extensive discovery and negotiations necessary to complete the settlement with Mr. Juneau's assistance. The parties now seek a 90-day extension for motions and briefing on class certification or alternatively a stay of the proceedings pending those settlement negotiations.

"A district court has broad discretion to stay proceedings when appropriate to control its docket[.]" *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). This power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy

---

[1] *Warner v. Toyota Motor Sales, U.S.A. Inc.*, Case No. 2:15-CV-02171 (C.D. Cal.)

of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).

It is clear that the parties are making significant progress towards a comprehensive settlement with the oversight of special master Juneau and Judge Olguin.  It appearing that the parties are in agreement on this matter and that significant expenses and resources may be avoided by staying the remaining deadlines pending the outcome of the on-going settlement negotiations, the Court finds that the parties' joint motion (Doc. 78) should be GRANTED.

IT IS THEREFORE ORDERED that the joint motion (Doc. 78) is GRANTED insofar as this matter is STAYED.

**IT IS FURTHER ORDERED that the parties submit a status report to this Court within seven days of any status conference in the *Warner* action.**  If settlement is not reached or if this Court needs to take further action in resolving this dispute, the Court will issue an amended final scheduling order setting forth applicable remaining deadlines.

IT IS SO ORDERED this 1st day of August, 2016.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE